The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Robert I. RIVERA, Defendant–Appellant.

No. 94CA2110.

Colorado Court of Appeals, Div. I.

Jan. 29, 1998.

Rehearing Denied March 5, 1998.

Certiorari Denied Oct. 19, 1998.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Matthew S. Holman, Assistant Attorney General, Denver, for Plaintiff–Appellee.

Richard O'Brien Moore, Denver, for Defendant–Appellant.

Opinion by Judge TAUBMAN.

Defendant, Robert I. Rivera, appeals from the denial of his motion for post-conviction relief pursuant to Crim. P. 35(c). We affirm.

In October of 1986, defendant was convicted by a jury of possession of a weapon by a previous offender. He subsequently entered guilty pleas to habitual criminal counts pending against him, and was sentenced to a term of life imprisonment in the Department of Corrections.

The judgment and sentence were reversed by a division of this court. *People v. Rivera*, 765 P.2d 624 (Colo.App.1988). However, on certiorari review, the supreme court reversed that decision and remanded the case for our consideration of additional issues raised in the original appeal. *People v. Rivera*, 792 P.2d 786 (Colo.1990).

Acting pursuant to that remand, this court affirmed the judgment and the sentence. *People v. Rivera*, (Colo.App. No. 86CA1792, December 27, 1990) (not selected for official publication).

Subsequently, on March 26, 1993, according to the register of actions, defendant filed, *pro se,* a motion for post-conviction relief pursuant to Crim. P. 35(c). A copy of that motion was not included in the record on appeal, and there is nothing in the record to suggest that the trial court ever ruled on that motion.

Defendant filed, *pro se,* a second Crim. P. 35(c) motion on December 6, 1994, alleging that he had not been adequately advised of the consequences of testifying on his own behalf. Specifically, defendant argued that, contrary to the requirements of *People v. Curtis,* 681 P.2d 504 (Colo.1984), the trial court had failed to inform him that, should he decide to testify during the substantive phase of the trial, he could be cross-examined concerning his prior felony convictions and that the jury would be instructed to consider those prior felonies only as they had a bearing on his credibility. Defendant also maintained that the court had similarly failed to advise him concerning his prior felonies with respect to the habitual criminal phase of the proceedings.

Defendant's 1994 motion was originally denied on the basis that it was not timely filed. Counsel was subsequently appointed to assist defendant in his appeal in this matter. After a notice of appeal had been filed, defense counsel requested that this court remand the case to the trial court for a hearing to determine whether the motion was timely and, if necessary, whether there was justifiable excuse or excusable neglect for the late filing.

This court ordered that the case be remanded, at which point it appears that the motion was reviewed by two different judges. Although there are gaps in the record, it appears that the first judge determined that the motion was timely and that defendant was entitled to a hearing on the question of whether he was properly advised about the consequences of testifying. The second judge conducted the hearing and concluded that defendant was not entitled to relief because the advisement that he claims should have been given would not have been appropriate because he was charged with a crime that requires the prosecutor to establish a prior felony conviction.

On appeal, defendant contends the court erred in denying his Crim. P. 35(c) motion. We disagree.

## I. Timeliness of Crim. P. 35(c) Motion

■ We initially address and reject the People's contention that the 1994 Crim. P. 35(c) motion filed in this case was not timely. Although a copy is not included in the record, and there appears to have been no ruling by the trial court, the register of actions indicates that the initial Crim. P. 35(c) motion was filed in March 1993. This was less than three years after a final decision on defendant's appeal was issued by this court. The first motion, therefore, was timely. The record establishes that defendant's second motion was filed only after numerous attempts at obtaining a ruling on the first motion had failed.

## II. Propriety of Crim. P. 35(c)

Contrary to the People's assertion, the issue of the propriety of the trial court's *Curtis* advisement was properly raised in a Crim. P. 35(c) motion.

■ The supreme court has determined that the right to testify on one's own behalf at a criminal trial has foundations in the Due Process Clause of the Fourteenth Amendment, the Compulsory Process Clause of the Sixth Amendment, and the privilege against self-incrimination provided for in the Fifth Amendment. *People v. Gray,* 920 P.2d 787 (Colo.1996). Hence, we conclude that the issue was of constitutional magnitude and was properly raised in defendant's Crim. P. 35(c) motion. *See People v. Rodriguez,* 914 P.2d 230 (Colo.1996) (postconviction proceedings are intended to correct constitutional error).

## III. *Curtis* Advisement

■ Defendant maintains that, because the court failed to inform him in the case-in-chief that the jury could consider evidence of his prior felonies only as they bore on his credibility, he is entitled to have the judgment vacated. Defendant maintains only that a standard *Curtis* advisement should have been given. The People contend that such an advisement was unnecessary and, in fact, would have been incorrect. We agree

that such an advisement would have been improper here.

In *People v. Curtis, supra,* the supreme court outlined those elements that must be present in an on-the-record advisement in order to ensure defendant's knowing and voluntary waiver of his or her right to testify. Before deciding whether to testify, a defendant must be told that: 1) he or she has a right to testify; 2) the decision to testify is the defendant's alone to make, despite the advice of defense counsel; 3) if the defendant does testify, the prosecutor may cross-examine him or her and evidence of prior felony convictions may be disclosed to the jury; 4) the jury may be instructed to consider the defendant's felony convictions only as they bear upon his or her credibility; 5) defendant has a right not to testify; and 6) if the defendant chooses not to testify the jury may be instructed not to draw any inferences from that election. *People v. Gray, supra.*

■ Generally, failure to give a proper *Curtis* advisement constitutes reversible error. *People v. Gray, supra.* However, in a footnote in the *Curtis* opinion the court stated: "[W]e do not address the situation present in that narrow class of cases where a prior felony conviction is an element of the crime charged." *People v. Curtis, supra,* 681 P.2d at 514, n. 12.

Here, during its *Curtis* advisement, the trial court failed to advise the defendant that, should he elect to testify and should the prosecutor bring out his prior convictions, the jury would be instructed to consider those convictions only as they bear on his credibility. After the advisement, the prosecution was prepared to present testimony from a witness to establish that defendant had previously been convicted of a felony. Instead, defendant stipulated that he had been so convicted.

The following morning, the trial court again discussed defendant's right to testify with defendant and his attorney, but did not advise defendant that if he testified, he could be asked about his prior felony convictions and that the jury would be instructed to consider his convictions only as they bore upon his credibility.

As the trial court correctly pointed out, evidence that defendant had previously been convicted of a felony was a vital component of the prosecutor's case. The prosecutor would have been unable to establish all of the elements of the crime of possession of a weapon by a previous offender without establishing that defendant did indeed have a prior felony conviction.

■ Generally, in the habitual offender phase of a case, the prosecution is required to prove a defendant's prior convictions beyond a reasonable doubt with evidence independent of the defendant's testimony. *People v. Chavez,* 621 P.2d 1362 (Colo.), *cert. denied,* 451 U.S. 1028, 101 S.Ct. 3019, 69 L.Ed.2d 398 (1981).

Here, in the case-in-chief, the prosecution was similarly required to present at least prima facie evidence of defendant's prior conviction of a felony independent of defendant's testimony. Thus, if defendant chose to testify, his admission of prior felonies would have been used not just to challenge his credibility, but as corroborative evidence that he had committed a prior felony, an essential component of the crime with which he was charged.

We conclude, therefore, that, during the substantive phase of the trial here, the trial court was not required to tell the defendant that the jury would be instructed to consider his prior felony convictions only as bearing on his credibility. To conclude otherwise would mean that the jurors could consider defendant's admission of his prior felonies as affecting his credibility, but not to establish an essential element of the crime with which he was charged. Accordingly, there was no error in the court's denial of the motion for post-conviction relief with respect to the *Curtis* advisement in the substantive phase of the trial.

Finally, defendant has not raised as an issue what, if any, advisement other than a standard *Curtis* advisement would have been appropriate, and thus we do not address that issue.

Order affirmed.

METZGER and PLANK, JJ., concur.