**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Tho NGUYEN, Defendant–Appellant.**

No. 02CA0293.

Colorado Court of Appeals, Div. II.

Aug. 28, 2003.

Rehearing Denied Oct. 16, 2003.

Ken Salazar, Attorney General, John T. Bryan, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee. ·

Tho Nguyen, Pro Se.

Opinion by Judge NEY.

Defendant, Tho Nguyen, appeals the trial court's order denying his Crim. P. 35(c) motion asserting that his guilty plea was invalid. We vacate the order and remand the case for further proceedings.

Pursuant to a plea agreement, defendant pleaded guilty to second degree murder in exchange for the dismissal of the original charge of first degree murder. Prior to sentencing, defendant moved to withdraw his plea. Following a hearing, the court denied the motion, finding that defendant had presented no fair and just reason to withdraw his plea. The court sentenced defendant to thirty-five years in the Department of Corrections (DOC).

Without appealing the conviction or sentence, defendant filed a "Motion to Withdraw Plea Due to Ineffective Assistance of Counsel." The court denied the motion, finding that defendant had not alleged facts that if true would warrant relief.

Defendant filed a renewed postconviction motion asserting the same arguments as in his first postconviction motion. The court denied this motion as successive. Defendant's appeal of the denial was subsequently

dismissed at his request so that he could file a renewed motion for postconviction relief.

Defendant then filed a Crim. P. 35(c) motion seeking to withdraw his plea and asserting for the first time that neither the providency court nor defense counsel had fully informed him of the consequences of a guilty plea on his immigration status. He asserted that the court, by its statement that his guilty plea should have no affect on his status in this country, led him erroneously to believe his conviction would not affect his immigration status. He further asserted that, contrary to the court's statement, he was now facing a deportation hearing, and had he known he could be deported he would not have entered a guilty plea, but would have gone to trial. The court denied this motion as time barred and found that defendant had been adequately advised. Specifically, the court found that the providency court's statement was qualified, which left open the possibility of immigration consequences.

Defendant contends that the trial court erred in denying his motion without a hearing. We agree.

■ Initially, we note that, contrary to the trial court's finding, defendant's motion was not time barred. Defendant was convicted on July 27, 1998, when the sentence to the DOC was imposed. The motion from which defendant appeals was filed on July 26, 2001, within the three-year time limitation set forth under § 16–5–402, C.R.S.2002. Thus, defendant's motion was timely, and the court erred in denying it on this ground.

Further, although the People argue that defendant's claims concerning defense counsel's performance are successive, because the trial court considered the issues on the merits, we elect to address the issues raised on appeal without considering or resolving the various procedural contentions upon which the People rely. *See People v. Chambers,* 900 P.2d 1249 (Colo.App.1994).

■■ The trial court shall grant a prompt hearing on a Crim. P. 35(c) motion unless the motion, files, and record establish that the defendant is not entitled to relief. *People v. Hartkemeyer,* 843 P.2d 92 (Colo.App.1992). The record as a whole must demonstrate that the court adequately advised the defendant about to enter a guilty plea concerning the penalties associated with the plea. This advisement includes informing the defendant of the direct consequences of the plea. Crim. P. 11; *see Craig v. People,* 986 P.2d 951 (Colo.1999).

■ A defendant may seek review under Crim. P. 35 if he or she alleges that the conviction was unconstitutionally obtained. Crim. P. 35(c)(2)(I). A guilty plea must be voluntarily, knowingly, and intelligently made to be valid and constitutional. *People v. Antonio–Antimo,* 29 P.3d 298 (Colo.2000).

■ Accordingly, although defendant denominates his motion as a motion to withdraw his guilty plea, we read it as contending that his conviction was unconstitutionally obtained because his guilty plea was not knowingly and intelligently made.

Any alien who is convicted of an aggravated felony at any time after admission is deportable. 8 U.S.C. § 1227(a)(2)(A)(iii) (2003). Murder is an aggravated felony. 8 U.S.C. § 1101(a)(43)(A) (2003). And, a discretionary waiver of deportation is no longer available to offenders who have been convicted of aggravated felonies. 8 U.S.C. § 1229(b) (2003). Thus, defendant is considered deportable. *See Rankine v. Reno,* 319 F.3d 93 (2d Cir.2003)(defendant convicted of second degree murder is deportable under 8 U.S.C.A. § 1227(a)(2)(A)(iii)).

These statutes were in effect at the time of defendant's plea. Defendant now asserts that deportation proceedings have been initiated against him.

■ The trial court is not required to advise a defendant sua sponte of potential federal deportation consequences of a guilty plea to a felony charge before accepting such plea. *People v. Pozo,* 746 P.2d 523 (Colo. 1987). However, if the court affirmatively misinforms a defendant concerning collateral consequences and the defendant reasonably relies on such misrepresentation to his detriment, then the plea may be invalid. *See People v. Wilbur,* 890 P.2d 113 (Colo.1995)(trial court's erroneous interpretation of plea agreement upon which defendant reasonably and detrimentally relied entitled defendant to specific performance of agreement as presented by the court); *People v.*

*Macrander,* 756 P.2d 356 (Colo.1988)(in determining whether defendant's interpretation of government's promise was reasonable, focus is on the meaning a reasonable person would give to the language of the agreement); *Daramy v. United States,* 750 A.2d 552 (D.C.2000)(reversal required where court misstated current status of immigration law to defendant during providency hearing).

Here, defense counsel knew that defendant was an alien legally residing in this country and informed the court that defendant had lived here since 1977, when he was admitted to the United States from Vietnam under an amnesty program. The court responded, "This guilty plea should have no effect then upon your status in the country." Nothing further was said concerning defendant's immigration status.

Further, because defense counsel was aware of defendant's immigration status, counsel should have investigated relevant law, informed defendant that his guilty plea could subject him to deportation proceedings, and alerted the court to its gratuitous, erroneous statement. *See People v. Pozo, supra.*

Defendant further asserted in his motion that the court's statement led him to enter his plea and that if he had known that he could be deported, he would not have done so. If defendant entered his guilty plea under the mistaken assurance that his plea would not affect his status as a legal resident in this country, then his plea may not have been made knowingly, voluntarily, and intelligently. Therefore, because questions have been raised concerning the validity of defendant's plea, the trial court erred in not holding a hearing on defendant's claims.

Accordingly, the order is vacated, and the case is remanded for appointment of counsel and a hearing to determine whether defendant's plea counsel was effective, whether the providency court misled defendant, and whether defendant relied on the court's statement.

Judge CASEBOLT and Judge WEBB concur.