The PEOPLE of the State of Colorado,
Plaintiff–Appellant,

v.

Ellery EMERT, Defendant–Appellee.

No. 09CA0991.

Colorado Court of Appeals,
Div. II.

June 10, 2010.

Pete Hautzinger, District Attorney, Christopher Nerbonne, Deputy District Attorney, Grand Junction, Colorado, for Plaintiff–Appellant.

Michael J. Heaphy, P.C., Michael J. Heaphy, Vail, Colorado, for Defendant–Appellee.

Opinion by Judge CASEBOLT.

In this criminal proceeding, the People appeal the trial court's order granting defendant, Ellery Emert, a new trial on his conviction for possession of a weapon by a previous offender (POWPO), as well as the court's ruling that, because of an incorrect advisement under *People v. Curtis*, 681 P.2d 504 (Colo.1984), defendant's testimony was involuntary and therefore is inadmissible in the retrial of the POWPO charge. We remand for further proceedings.

## I.  Facts

The prosecution charged defendant with (1) possession of more than one gram of a schedule II controlled substance under section 18–18–405(1) & (2)(a)(I)(A), C.R.S.2009; (2) special offender-deadly weapon under section 18–18–407(1)(f), C.R.S.2009; (3) menacing with a deadly weapon under section 18–3–206(1)(a) & (b), C.R.S.2009; (4) second degree aggravated motor vehicle theft under section 18–4–409(4)(b), C.R.S.2009; (5) POWPO under section 18–12–108(1), C.R.S.2009; (6) violation of bail bond conditions under section 18–8–212(1), C.R.S.2009; and (7) five counts of being a habitual criminal under section 18–1.3–801, C.R.S.2009. The trial court dismissed count four at a preliminary hearing and also granted defendant's motion to sever counts five and six, ordering separate trials for each of them.

During the trial on counts one through three, the court gave defendant a standard *Curtis* advisement. As pertinent here, the court told defendant that if he chose to testify, the prosecution would be allowed to cross-examine him and to ask him about any prior felony convictions, and that, if a felony conviction were disclosed to the jury, then the jury could be instructed to consider the felony only as it bore upon his credibility. Defendant initially decided not to testify.

During presentation of defendant's case-in-chief, his wife testified. The next day, the prosecution sought to introduce rebuttal evidence that defendant had communicated with his wife from the jail by telephone during the trial, and that they had discussed the trial and her expected testimony, contrary to the court's sequestration order. When it became clear that the trial court would allow the evidence, defendant changed his mind and decided to testify. The court repeated the *Curtis* advisement previously given. During his testimony, defendant admitted that he was the owner of the vehicle in which the weapon was found, and that he had been convicted of the felony named in the POWPO charge.

The jury found defendant not guilty of menacing with a deadly weapon, but was unable to reach a verdict on counts one and two. The court declared a mistrial on counts one and two and scheduled a retrial.

Several weeks later, trial began on the severed POWPO charge. Over defendant's objection, the prosecution presented his testimony from the first trial in which he had admitted ownership of the vehicle where a deadly weapon had been found and acknowledged that he had been convicted of a previous felony. Defendant chose not to testify. The jury returned a guilty verdict on the POWPO charge.

Defendant moved for a new trial on the POWPO charge, asserting that he had received an improper *Curtis* advisement in the first trial. In addition, he contended that, should a new trial occur, his previous testimony should be excluded. The trial court found that the *Curtis* advisement was defective and that, because of the advisement, defendant's previous testimony was involuntary. It also determined that defendant's previous testimony was inadmissible in future proceedings. This prosecutorial appeal ensued.

## II.  Standard of Review

■ Ordinarily, we review the trial court's determination to grant a new trial for an abuse of discretion. *People v. Whitman*, 205 P.3d 371, 386 (Colo.App.2007). However,

when that determination involves a question of law, we review the court's conclusion of law de novo. *People v. Wadle*, 77 P.3d 764, 767 (Colo.App.2003), *aff'd*, 97 P.3d 932 (Colo. 2004).

Here, because the trial court's decision is based upon its legal determination that a new trial is required under *Curtis*, 681 P.2d at 511, and *People v. Chavez*, 621 P.2d 1362, 1365 (Colo.1981), we will review de novo the trial court's decision.

### III. Applicable Law

■ An accused has the right, under the Fourteenth Amendment and Colo. Const. art. II, § 25, to testify in his own defense. *Faretta v. California*, 422 U.S. 806, 819 n. 15, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *Curtis*, 681 P.2d at 511; *Chavez*, 621 P.2d at 1365. In Colorado, the right to testify has been found to be so inherently personal and basic that the fundamental fairness of a criminal trial is called into question if this right is surrendered by anyone other than the accused, or if the accused relinquishes this right in any manner other than by a voluntary, knowing, and intentional waiver. *See Curtis*, 681 P.2d at 511. Accordingly, a defendant must be advised of the right to testify by the trial court, and before accepting the waiver of that right, the court must ensure that the defendant's waiver is intelligently and competently made. *Roelker v. People*, 804 P.2d 1336, 1338 (Colo.1991).

■ A standard *Curtis* advisement requires the trial court to advise a criminal defendant, outside the presence of the jury, that

> he has a right to testify, that if he wants to testify then no one can prevent him from doing so, that if he testifies the prosecution will be allowed to cross-examine him, that if he has been convicted of a felony the prosecutor will be entitled to ask him about it and thereby disclose it to the jury, and that if the felony conviction is disclosed to the jury then the jury can be instructed to consider it only as it bears upon his credibility.

*Curtis*, 681 P.2d at 514. An advisement that incorrectly informs a defendant about the consequences of testifying is defective and may justify a new trial. *See People v. Harding*, 104 P.3d 881, 888–89 (Colo.2005); *People v. Chavez*, 853 P.2d 1149, 1152 (Colo.1993) (*Chavez II*).

■ However, the prescribed advisement is not meant for the "narrow class of cases where a prior felony conviction is an element of the crime charged." *Curtis*, 681 P.2d at 514 n. 12. Thus, in *People v. Rivera*, 964 P.2d 561, 564 (Colo.App.1998), a case involving a POWPO charge, a division of this court held that, because a prior conviction was an element of the crime, the trial court had not erred when it failed to advise the defendant that, should he elect to testify and should the prosecutor bring out his prior convictions, the jury would be instructed to consider those convictions only as they bore on his credibility. The division noted that, if the defendant had chosen to testify, his admission of prior felonies would have been used not just to challenge his credibility, but as corroborative evidence that he had committed a prior felony, an essential component of the POWPO crime. *See People v. Ziglar*, 45 P.3d 1266, 1271 (Colo.2002) (approving of *Rivera* and holding that a defendant's statements made during a habitual criminal sentencing phase concerning his prior convictions are admissible as substantive evidence in that phase of the proceeding).

### IV. Application

The People contend that defendant was properly advised of his right to testify at the first trial. They further assert that there is no requirement for a trial court to advise a defendant about all collateral consequences of a decision to testify, including those that may arise in subsequent trials on severed counts. The People also argue that a defendant who testifies, knowing there is a severed count for which a prior felony conviction is an element, should be expected to understand that his testimony could be used against him without a separate advisement from the court. They also assert that the trial court incorrectly determined that the procedure mandated for habitual criminal proceedings should apply in cases in which

the fact of a prior felony conviction is an element of the offense.

■ We agree with the People that the trial court's "prior felony" advisement was correct and not misleading as it applied to the three charges being tried in the first trial. However, where, as here, a severed POWPO charge is pending and untried, a trial court's advisement that a prior felony can only be used for impeachment is misleading because a prior felony is a vital component of the prosecution's POWPO case, *see Rivera,* 964 P.2d at 564, and because such an advisement is not meant for the "narrow class of cases where a prior felony conviction is an element of the crime charged." *Curtis,* 681 P.2d at 514 n. 12.

■ This conclusion is not affected by the severance of the POWPO charge from the trial of counts one through three. While it is true that the severed POWPO charge had yet to be tried when the trial court gave defendant the *Curtis* advisement, defendant's testimony in the first trial became admissible in the subsequent trial as an admission by a party opponent under the provisions of CRE 801(d)(2)(A), and did not violate his Fifth Amendment privilege against self-incrimination. *See People v. Carlson,* 677 P.2d 390, 392 (Colo.App.1983), *aff'd,* 712 P.2d 1018 (Colo.1986). Accordingly, although a different jury would and did hear the POWPO case, the court's *Curtis* advisement was nevertheless still misleading because defendant was specifically told that his prior conviction would be used only for credibility purposes, a statement that proved untrue when the court admitted his prior testimony in the trial of the POWPO charge.

■ Given our conclusion, we decline to further address the People's contention that there is no requirement for a trial court to advise a defendant about the collateral consequences of a decision to testify. We are not holding that a trial court must advise a defendant facing a POWPO charge of multiple potential consequences if he or she decides to testify. We hold only that, when a severed POWPO charge is pending, a trial court misleads a defendant when it gives that part of the *Curtis* advisement dealing with a testifying defendant's prior felony convictions, unless it also provides a further explanation about the use of the felony in the pending POWPO trial.

Contrary to the People's contention, in its order granting defendant a new trial on the POWPO charge, the trial court did not hold that the procedures applicable to habitual criminal proceedings should apply in these circumstances. Instead, the trial court simply noted that the prosecution must prove beyond a reasonable doubt defendant's prior conviction by evidence independent of defendant's testimony in the first trial, essentially because defendant was not advised before testifying at the trial on counts one through three that the People might be allowed to use his testimony in the later POWPO trial.

We also are not persuaded by the People's theoretical argument that at the moment defendant took the stand in the first trial, the legal rationale for the severance of the POWPO count disappeared, and therefore there was no logical reason to exclude that testimony from the POWPO trial. Here, the trial court gave a misleading advisement to defendant about the use of his prior conviction before he chose to testify. Had he been properly advised, as the trial court noted,

> his decision to testify at the trial on counts one through three might have been different. That is, [defendant] may have made the decision not to testify if he knew his testimony might be used against him in the trial of [the POWPO charge]. While the court advised the defendant that the jury on counts one through three could only consider a felony conviction as it bore upon his credibility, it did not advise him that his prior felony conviction could be used and considered by another jury to establish an element of a substantive offense.

Moreover, the People did not argue to the trial court that counts five and six, previously severed, should be consolidated into the trial on counts one through three.

■ However, the trial court's conclusion that defendant *might* have made a different decision had he been properly advised is insufficient, on this record, to require a new trial. We conclude that defendant must

demonstrate that he detrimentally relied upon the trial court's misleading advisement concerning use of his prior conviction. Thus, we remand so that the trial court may determine this issue.

■■■ When a defendant is misinformed by the trial court about the consequences of a decision he or she must make, or the government has made a promise to or agreement with a defendant concerning certain consequences, the defendant is entitled to relief if he or she can demonstrate detrimental reliance. *See People v. Fisher*, 657 P.2d 922, 928–29 (Colo.1983) (it is the intentional relinquishment or waiver of a constitutional right that gives rise to an accused's due process claim for enforcement of the governmental promise); *People v. Weare*, 155 P.3d 527, 531 (Colo.App.2006) (due process requires enforcement of a governmental promise if an accused has reasonably and detrimentally relied on the promise); *People v. Nguyen*, 80 P.3d 903 (Colo.App.2003) (if a trial court misinforms a defendant concerning collateral consequences of a plea agreement, and the defendant relies upon such statements to his detriment, the plea may be invalid); *cf. People v. Wilbur*, 890 P.2d 113, 118–19 (Colo. 1995) (trial court's interpretation of possible release date from prison when defendant pleaded guilty did not create an enforceable promise; accordingly, court did not need to determine whether there was reasonable and detrimental reliance).

■■■ To establish detrimental reliance, the accused must show that he or she performed some tangible act, or relinquished some significant right, in reliance upon the promise, and that the act or relinquishment so induced was detrimental to the accused's right to fair treatment and due process. *Lucero v. Goldberger*, 804 P.2d 206, 210 (Colo.App.1990); *see People v. Harris*, 914 P.2d 425, 433 (Colo.App.1995) (that an on-the-record advisement may be defective does not necessarily require reversal when a defendant chooses to testify, citing *People v. Mozee*, 723 P.2d 117, 125 (Colo.1986) (absence of advisement of the right *not* to testify did not automatically render defendant's waiver of privilege against self-incrimination

invalid or require, in and of itself, that a new trial be granted)).

Here, defendant has not yet demonstrated that he reasonably and detrimentally relied upon the trial court's misleading advisement. He should be permitted to do so in a manner similar to the procedure outlined in *People v. Blehm*, 983 P.2d 779 (Colo.1999).

In *Blehm*, the court stated that the proper response to an allegation concerning an ineffective waiver of the right to testify is a postconviction hearing in which the trial court can determine, as a matter of fact, whether the defendant had fully understood the consequences of testifying and had made a valid waiver of the right to testify. *Id.* at 791–92. Such a hearing allows the introduction of facts outside the record on direct appeal that may bear upon the effectiveness of a waiver. *Id.* This process also allows an opportunity for the prosecution to establish that, although an advisement was defective, the defendant nevertheless fully understood his right to testify and the consequences that might flow from a decision to testify. *Id.*

■■■ Although the *Blehm* hearing procedure is applicable when a defendant raises a claim of invalid *waiver* of his right to testify, we nevertheless conclude that the same process should apply when a defendant asserts that his decision to *exercise* his right to testify was not knowing, voluntary, and intelligent. *See Harding*, 104 P.3d at 888 (in context of an incorrect *Curtis* advisement concerning the consequences of testifying, court reviewed the postconviction hearing to determine whether waiver was voluntary, knowing, and intelligent irrespective of the defective advisement).

Accordingly, a remand is required for the trial court to hold a hearing to determine whether defendant actually would have made a different decision had the misleading portion of the advisement not been given. In doing so, the court may consider all the surrounding circumstances, including defendant's acquittal on the menacing charge. If the court concludes that he would have, then the court's order granting a new trial on the POWPO charge stands affirmed. If the court concludes defendant would not have made a different decision, the court should

vacate its new trial order and defendant's POWPO conviction shall be reinstated.

## V. Use of Defendant's Testimony on Retrial

We further conclude the trial court must reconsider whether defendant's testimony during the first trial is admissible when and if further trials are held.

If the court determines defendant would have testified anyway, then he will not receive a new trial on the POWPO charge, and his testimony concerning the prior conviction is admissible for substantive purposes if relevant to any of the remaining charges, (but not in the habitual criminal proceedings, *see* § 18–1.3–803(5), C.R.S.2009; *Chavez,* 621 P.2d at 1367), and for impeachment in all subsequent trials if he testifies. His testimony concerning ownership of the vehicle in which the weapon was found is likewise admissible, if it is relevant to any of the remaining charges. *See Ziglar,* 45 P.3d at 1271.

If defendant would not have testified and thus he is entitled to a new trial on the POWPO charge, his acknowledgment of a prior felony conviction should not be admitted for substantive purposes in that retrial, but only for impeachment if he chooses to testify in the POWPO retrial. *See People v. Wyngaard,* 462 Mich. 659, 674, 614 N.W.2d 143, 150 (2000) (in prison disciplinary case where defendant was promised his statements would not be used against him in a subsequent criminal trial except for purposes of impeachment or rebuttal, defendant entitled to reversal when statements were admitted as substantive evidence; on retrial, statements could not be introduced as substantive evidence); *see also People v. Manning,* 672 P.2d 499, 512 (Colo.1983) (when there is reasonable and detrimental reliance upon a governmental promise, the question of remedy turns ultimately on what type of relief will accord the defendant substantial justice).

■ Concerning defendant's admission that he owned the vehicle in which the weapon was found, we reach a different conclusion. First, the court's misleading advisement concerning the use of defendant's prior felony could not have induced any detrimental reliance concerning this admission. The court said nothing whatsoever concerning limitations on the scope of cross-examination or what information could be elicited by the prosecution. Indeed, the court specifically told defendant that if he testified, the prosecution could cross-examine him, which is a correct advisement. *See Curtis,* 681 P.2d at 514.

Second, defendant has already obtained a substantial benefit from his decision to testify in the first trial, inasmuch as he was acquitted of menacing. It would be unfair to the prosecution to allow defendant's testimony to reap this benefit for him without some corresponding burden. After all, any remedy should simply seek to level the playing field, not tilt it to defendant's advantage. *See Manning,* 672 P.2d at 512 (court should fashion relief that will secure substantial justice to defendant and at the same time accommodate the legitimate interests of the government). Precluding use of defendant's admission would create a broader remedy than that to which he is entitled.

Third, any remedy should attempt to grant defendant specific performance of what he was promised and place him in the position in which he would have been; that is, that the prosecution could use the prior conviction only for impeachment. This gives effect to both parties' legitimate expectations. *See Wyngaard,* 462 Mich. at 674, 614 N.W.2d at 150 (where defendant was incorrectly advised that his testimony would be used only for impeachment, on remand, the remedy was to have the statements used only in that way). Limiting the use of defendant's testimony concerning his prior conviction consistently with his understanding is a sufficient remedy for any reliance on the trial court's misleading advisement.

We recognize the superficial appeal of simply excluding all of defendant's testimony from the first trial, if the trial court on remand finds that he would not have testified. After all, if defendant would not have testified, he would not have made this admission. But such a remedy would provide a windfall to defendant because his testimony arguably produced an acquittal on the menacing charge.

For these reasons, we conclude that defendant's admission of ownership of the vehicle is substantively admissible in any POWPO retrial, whether defendant would have testified had he been correctly advised or not.

The case is remanded for further proceedings consistent with the views expressed in this opinion.

Judge GABRIEL and Judge BOORAS concur.